MCGREGOR W. SCOTT
United States Attorney
JONATHAN B. CONKLIN
DAVID L. GAPPA
Assistant U.S. Attorneys
3654 Federal Building
1130 "O" Street
Fresno, California 93721
Telephone: (559) 498-7272

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. F. NO. 02-5301 OWW |
| ) | |
| Plaintiff, ) | |
| ) | GOVERNMENT'S RESPONSE TO |
| v. ) | DEFENDANT BOWCUT'S SENTENCING |
| ) | MEMORANDUM AND FORMAL |
| ) | OBJECTIONS TO PRESENTENCE |
| ) | REPORT |
| LESLIE PETER BOWCUT, ) | |
| ) | |
| ) | DATE: August 22, 2005 |
| Defendant. ) | TIME: 1:30 p.m. |
| _____) | PLACE: Courtroom Two |

Honorable Oliver W. Wanger

The government is in receipt of defendant Leslie Peter Bowcut's sentencing memorandum and formal sentencing objections filed August 16, 2005.  The government hereby responds to the issues raised in the sentencing memorandum.

1.  <u>Federal Sentencing Guidelines</u>.

As noted during previous sentencing hearings related to this case, the government agrees that the Guidelines are advisory in nature and are no longer binding upon this court.   The government contends that this Court still must consult the

Federal Sentencing Guidelines (as promulgated by the Sentencing Commission pursuant to the Sentencing Reform Act of 1984, 18 U.S.C. §§ 3551-3742 and 28 U.S.C. §§ 991-998, and as modified by United States v. Booker and United States v. Fanfan, 2005 WL 50108 (Jan. 12, 2005)), and must take them into account when determining a final sentence.

    2.   The Plea Agreement.

At paragraph 3(e) of the plea agreement the defendant agrees "not to oppose the government's recommendation that he serve 210 months in custody." The defendant carefully notes that it is not his "intention or desire" to violate his plea agreement." He argues, however, that he is no longer bound by his agreement due to the government's recommendation of a 180, as compared to 210, month sentence.

The government recognizes that the defense request for a sentence below 210, or 180, months is made is good faith. The request, however, is not supported by the clear language of the plea agreement. Additionally, given the nature of the defendant's conduct in this case, as well as the resulting harm to those impacted by that conduct, a sentence of 210 months is reasonable. Considering the position of the government that the court reduce that sentence to 180[1] months based solely upon the defendant's assistance in this case, any lesser sentence would result in a miscarriage of justice.

---

[1] The government does agree that the defendant should receive credit for the time spent in custody for this offense.

2

The plea agreement is unambiguous. According to paragraph 3(c) of the agreement, "the defendant agrees not to oppose the government's request that he be sentenced at the top of the applicable guideline range in order to accomplish a sentence of 210 months." That clause clearly allows the government to request, and at the same time obligates the defendant not to oppose, a sentence of 210 months.

The defendant argues, however, that since the government has now agreed to recommend a sentence of 180 months, he is no longer bound by his agreement related to the 210 month sentence. That argument is misplaced.

The plea agreement actually contemplated a reduced sentence recommendation by the government. Within paragraph 3(c), the parties agreed that, "the 210 month recommendation will be reduced to 180 months, and may ultimately be reduced to 150 months, at the discretion of the government, pursuant to Rule 35 of the Federal Rules of Criminal Procedure, based upon the continued cooperation of the defendant..."

The plea agreement addressed the possibility of a sentence recommendation of 180 months pursuant to Rule 35. The agreement also obligated the defendant not to object to either the 210 month, or 180 month, recommendation. The defendant's arguments to the contrary are defeated by that language and should be denied by this court.

4.  <u>Offense Conduct</u>.

Besides the unambiguous language of the plea agreement, the defendant's offense conduct demands a sentence of at least 180 months.  The plea agreement details the defendant's conduct in this case.  The agreement establishes the defendant's participation in a world-wide conspiracy to sexually exploit children in the care of their fathers.  One of the fathers most significantly involved in exploiting his own children was defendant Bowcut.

Within the confines of this pleading it is impossible to accurately portray the sexual exploitation depicted in the images that were produced by defendant Bowcut.  The government, therefore, submits under seal a CD containing those images for the court's consideration.  The same images are described in the pre-sentence report.  The images depict nothing less than the most extreme acts of child exploitation by the defendant upon his own children.  Those acts standing alone warrant the sentence recommended by the probation officer.  Considering the fact that, besides committing the acts and taking the pictures, the defendant shared those images with others be transmitting them via the Internet, and thereby victimized his children for years to come, the reasonableness of such sentence is established without question.

This court is familiar with the charged conspiracy, having heard two trials involving this same conspiracy. Simply put, the conspiracy involved nothing less than vile and reprehensible conduct by each defendant resulting in the perpetual victimization of the children depicted in the offending photographs. Such perpetual victimization is established by the fact that many photos involved in this case are appearing in unrelated child exploitation cases currently be prosecuted by this office.

5.   <u>Request to Participate in Sex Offender Counseling</u>.

The defendant justifies his request for a reduced sentence based upon his claim that he should participate in the sex offender treatment program offered at FCI-Butner. While the government agrees that treatment may be beneficial to the defendant, a reduced sentence is not necessary to accomplish that goal. As the defendant notes in his motion, an individual becomes eligible for the sex offender treatment program within the last three years of their federal sentence. The government is not aware of a maximum sentence requirement for the program; it appears the defendant will become eligible to participate in the program no matter the length of his sentence. There is no need, therefore, for any artificial reduction in the defendant's sentence in order to make him eligible for treatment.

//
//
//

6. <u>Statutory Minimum</u>.

As set forth above, a sentence of 210 months is reasonable and justified for defendant Bowcut.  As noted below, the government will recommend that the defendant be sentenced to a 180 month term of imprisonment based upon his continued cooperation.  Setting aside all other considerations, however, the statutory minimum for the offense of conviction is ten years.  (<u>See</u>, Title 18, United States Code, Sections 2251(a) and (d) (2002 version).)  The defendant's request for a sentence of approximately 3.5 years, therefore, is prevented by the sentencing language of Section 2251.

7. <u>Defendant's Cooperation</u>.

As noted, the government represented in the plea agreement that, based upon the defendant's cooperation, it would recommend that the defendant receive a 180 month, as compared to 210 month, sentence.  The government hereby makes such recommendation.  So as to preserve existing investigations, the government will detail such cooperation at the sentencing hearing.  It should be noted that the federal sentence does not impact the previously imposed 30 year to life sentence imposed based upon the defendant's Idaho conviction.  Additionally, the United States makes the recommendation for a 180 month sentence based in part upon its belief that the defendant's 30 year to life sentence

//
//
//

6

will not be altered in the future.  The defendant's cooperation in this federal case does not warrant a reduction in his state sentence.

```
                                    MCGREGOR W. SCOTT
                                    United States Attorney

DATED: August 18, 2005_         By /s/ Jonathan B. Conklin
                                    JONATHAN B. CONKLIN
                                    Assistant U.S. Attorney



DATED: August 18, 2005          By, /s/ David L. Gappa
                                    DAVID L. GAPPA
                                    Assistant U.S. Attorney
```